**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-4248**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WARREN LAMAR FORREST,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Bruce H. Hendricks, District Judge.  (2:22-cr-00256-BHH-1)

───────────────

Submitted:  September 18, 2025          Decided:  September 22, 2025

───────────────

Before THACKER and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Janis R. Hall, Greenville, South Carolina, for Appellant.  Andrea Gwen Hoffman, Christopher Scott Lietzow, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Warren Lamar Forrest pled guilty to felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Forrest to 144 months' imprisonment and 4 years' supervised release. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the court complied with Fed. R. Crim. P. 11 in accepting the plea and whether the district court erred in finding Forrest a career offender. Forrest did not file a pro se supplemental brief after being notified of his right to do so. The Government declined to file a responsive brief. We affirm.

Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces upon conviction, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3). In reviewing the adequacy of the court's compliance with Rule 11, we "accord deference to the trial court's decision as to how best to conduct the mandated

2

colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted).

Because Forrest did not move in the district court to withdraw his guilty plea, we review the validity of his guilty plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To establish plain error, Forrest must establish that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014). We have reviewed the Rule 11 colloquy and, discerning no plain error, we conclude that Forrest's guilty plea is valid.

Forrest next challenges his sentence, arguing that the district court erred in concluding that his South Carolina conviction for possession with intent to distribute marijuana should not qualify as a predicate offense to determine that he is a career offender. We have determined that South Carolina drug distribution convictions are controlled substance offenses under the Sentencing Guidelines.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the [Sentencing] Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (alteration in original) (quoting *Gall v. United States*, 552

3

U.S. 38, 41 (2007)). In performing that review, we must first determine whether the district court "committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors." *Id.*

We are satisfied that Forrest's sentence of imprisonment is procedurally reasonable. The district court correctly calculated the Sentencing Guidelines range, adequately considered the § 3553(a) factors, and provided a meaningful explanation for the sentence that it chose. *See Gall*, 552 U.S. at 49-51. We find that the district court properly found Forrest a career offender. *See United States v. Davis*, 75 F.4th 428, 442-45 (4th Cir. 2023) (holding that South Carolina distribution of controlled substances statute qualified as a controlled substance offense); *United States v. Jackson*, 127 F.4th 448, 450, 455 (4th Cir. 2025) (holding that "a distribution conviction under South Carolina's statute *is* a controlled substance offense as defined by the Guidelines" and "does *not* reach attempted

4

distribution"). We also conclude that nothing in the record rebuts the presumption of substantive reasonableness afforded to Forrest's 144-month sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We thus affirm the district court's judgment. This court requires that counsel inform Forrest, in writing, of the right to petition the Supreme Court of the United States for further review. If Forrest requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Forrest.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*